IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICK BUSH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:05-CV-646 TS<br><br>Criminal Case No. 2:01-CR-739 TS |

This matter is before the Court on Petitioner's Motion to Vacate Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (§ 2255 Motion).[1]  Petitioner is proceeding *pro se* in this matter.  Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255.  Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1] Case No. 2:05-CV-646 TS, Docket No. 1.

1

I.  BACKGROUND

On February 26, 2003, Petitioner was charged in a five-count Superseding Indictment.[2] Petitioner proceeded to a three-day jury trial on June 4, 2003, where he was found guilty on all counts.[3] Petitioner was sentenced on September 23, 2003, to a term of imprisonment of 188 months.  Judgment was entered the following day.[4]  Petitioner filed a direct appeal and the Judgment of the Court was affirmed on April 26, 2005.[5]  Petitioner filed the instant § 2255 Motion on August 1, 2005.[6]

II. DISCUSSION

Petitioner raises two arguments in this Motion: (1) counsel was ineffective for failing to properly advise him during the plea process; and (2) counsel was ineffective for failing to object to a prior conviction at sentencing.

A.    STANDARD

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[7]

---

[2]Case No. 2:01-CR-739 TS, Docket No. 64.

[3]Case No. 2:01-CR-739 TS, Docket No. 102.

[4]Case No. 2:01-CR-739 TS, Docket No. 123.

[5]Case No. 2:01-CR-739 TS, Docket No. 131.

[6]Case No. 2:05-CV-646 TS, Docket No. 1.

[7]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things:  First, that Counsel functioned deficiently.[8]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[9]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[10]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[11]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[12]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[13]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[14]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[15]

---

[8]*Strickland*, 466 U.S. at 687.

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[14] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[15] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

B.   ANALYSIS

   *1.   Ineffective Assistance During Plea Process*

Petitioner argues that his counsel was ineffective because he failed to advise Petitioner on whether or not he should accept a plea agreement offered by the government.

To prevail on an ineffective assistance of counsel claim in the plea context, the movant must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[16] This test also applies in cases, like the case before the Court, where Petitioner has alleged that ineffective assistance caused him to reject the plea and proceed to trial.[17]

*United States v. Morris*,[18] while unpublished, is instructive on this issue. In *Morris*, a petitioner argued in a § 2255 motion that his counsel was ineffective for failing to advise him on the advantages and disadvantages of the plea agreement.[19] The Tenth Circuit held that petitioner's "subjective and self-serving statements are insufficient to show a reasonable probability that, but for alleged counsel's errors, he would have pled guilty."[20]

Here, as in *Morris*, Petitioner's statements that he would have accepted the plea but for counsel's failure to inform him of the advantages and disadvantages of the plea are insufficient.

---

[16]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[17]*United States v. Morris*, 106 Fed.Appx. 656, 658 (10th Cir. 2004) (unpublished opinion).

[18]*Id*.

[19]*Id*.

[20]*Id*. at 659.

Petitioner fails to point to any objective evidence that he would have accepted the plea but for counsel's actions.  As a result, Petitioner has not shown ineffective assistance of counsel.

       2.     *Ineffective Assistance at Sentencing*

Petitioner next argues that his counsel was ineffective for failing to ask Petitioner whether he had waived his right to counsel in connection with a prior conviction.

Petitioner had a right to counsel for his prior misdemeanor conviction, for which he received a suspended term of imprisonment.[21]  "Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm."[22]  Moreover, there is a "'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."[23]  "To overcome this presumption, a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution."[24]

> At a minimum, then, a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion.  *Self-serving conclusory statements would be unavailing, of course.*  Affidavits or testimony by judges, government and defense attorneys, probation officers, and other involved in and knowledgeable about the challenged

---

[21]*Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972).

[22]*United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996).

[23]*Parke v. Raley*, 506 U.S. 20, 29 (1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[24]*United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th Cir. 2003).

proceedings, and directly supporting the defendant's position, would be probative.[25]

Petitioner's self-serving and conclusory statements concerning his prior conviction are simply not enough to overcome the presumption of regularity attached with that prior proceeding. Since Petitioner has not come forward with the requisite evidence to show that his prior conviction was unconstitutional, he cannot show that he was prejudiced as required by the second prong of the *Strickland* test. Therefore, this argument is without merit.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:05-CV-646 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

DATED this 7th day of August, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[25] *United States v. Wicks*, 995 F.2d 94, 978–79 (10th Cir. 1993) (citation omitted) (emphasis added).