IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICK BUSH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER TRANSFERRING SECOND 2255 MOTION<br><br><br><br>Civil Case No. 2:05-CV-646 TS<br><br>Criminal Case No. 2:01-CR-739 TS |

This matter is before the Court on Petitioner's Motion for Reconsideration. The Court construes Petitioner's Motion for Reconsideration as a successive 2255 Motion and will transfer it to the Tenth Circuit Court of Appeals.

I.  BACKGROUND

On February 26, 2003, Petitioner was charged in a five-count Superseding Indictment.[1] Petitioner proceeded to a three-day jury trial on June 4, 2003, where he was found guilty on all counts.[2] Petitioner was sentenced on September 23, 2003, to a term of imprisonment of 188

---

[1] Case No. 2:01-CR-739 TS, Docket No. 64.

[2] Case No. 2:01-CR-739 TS, Docket No. 102.

1

months.  Judgment was entered the following day.[3]  Petitioner filed a direct appeal and the Judgment of the Court was affirmed on April 26, 2005.[4]  Petitioner filed his § 2255 Motion on August 1, 2005.[5]  The Court denied Petitioner's Motion on August 7, 2007.[6]

Petitioner then filed Motion for Reconsideration[7] and Petitioner's Amendment and Supplement to Motion for Reconsideration.[8]  In his Motion for Reconsideration, Petitioner reargued the points addressed by the Court in its August 7, 2007 Order.[9]  For the same reasons set forth in that Order, Petitioner's Motion for Reconsideration was denied.[10]

For the first time in his Amendment and Supplement to Motion for Reconsideration, Petitioner raised an issue concerning the potential misconduct of a juror involved in his trial. Petitioner asserts that a juror lied about his prior drug use during the voir dire process.  Petitioner alleges that his counsel was informed of this issue while Petitioner's case was on direct appeal, but did not take any action.  Because this issue was not previously raised by the Petitioner and has not been addressed by the Court, the Court ordered further briefing on the matter.

---

[3] Case No. 2:01-CR-739 TS, Docket No. 123.

[4] Case No. 2:01-CR-739 TS, Docket No. 131.

[5] Case No. 2:05-CV-646 TS, Docket No. 1.

[6] Case No. 2:05-CV-646 TS, Docket No. 13.

[7] Case No. 2:05-CV-646 TS, Docket No. 16

[8] Case No. 2:05-CV-646 TS, Docket No. 18.

[9] Case No. 2:05-CV-646 TS, Docket No. 13.

[10] Case No. 2:05-CV-646 TS, Docket No. 20.

## II. ANALYSIS

Petitions pursuant to 28 U.S.C. § 2255 must be filed within one year after the Petitioner's convictions became final. Petitioner filed his Motion for Reconsideration on October 1, 2007, well after the one-year limitations period has passed. Thus, the new claim raised by Petitioner in his Motion for Reconsideration concerning potential juror misconduct is not timely unless the date of its filing relates back to the date of his original petition pursuant to Fed.R.Civ.P. 15(c).[11] The Tenth Circuit has held that an otherwise untimely amendment to a § 2255 Motion

> "which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."[12]

Here, Petitioner's Motion for Reconsideration seeks to insert an entirely new theory into the case. For the first time in his Motion for Reconsideration, Petitioner argues that his counsel was ineffective for failing to bring allegations of juror misconduct to the Court's attention. Therefore, Petitioner's new claim does not relate back to the filing of the original petition under Fed.R.Civ.P. 15(c) and is untimely.

As a result of the above, Petitioner's Motion for Reconsideration is properly considered a second or successive motion under § 2255. The Court will transfer the Petition to the Tenth Circuit pursuant to 28 U.S.C. § 1631.[13]

---

[11] *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503–05 (10th Cir. 2000).

[12] *Id.* at 505 (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

[13] *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reconsideration (Docket No. 18 in Civil Case No. 2:05-CV-646 TS) is transferred to the Tenth Circuit Court of Appeals for authorization.  The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.

DATED this 28th day of December, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge